Passaic County Circuit Court.

MERLE M. GEDDIS, PLAINTIFF, v. WESTSIDE NATIONAL BANK OF WEST PATERSON, NEW JERSEY, DEFENDANT.

For the plaintiff, *Hart & Vanderwart*.

For the defendant, *David S. Herman*.

Newman, S. C. C. This is a motion to strike out an answer. The complaint alleges that plaintiff was employed by defendant, that while he was so employed he was a notary public of New Jersey and entitled to receive certain fees as such notary for the protesting, which was connected with that office. That these fees were collected by defendant and kept by it. He is no longer in the defendant's employ. The suit was brought by him to recover these fees.

Defendant answers, and admits these facts, but says that in consideration of the employment of plaintiff, pursuant to an agreement entered into between plaintiff and defendant, these fees all became the property of the defendant and were placed to its credit.

Plaintiff now moves to strike out the answer on the ground that it sets up no defense to the action.

Counsel for plaintiff alleges that the assignment of the fees by plaintiff to defendant was void as against public policy.

Both counsel agree that a notary public is a public officer.

The assignment of future earnings of a public officer in this state is declared void as against public policy. *Schwenk* v. *Wyckoff*, 46 *N. J. Eq.* 560. Counsel for plaintiff also cites cases to the same effect in other jurisdictions. But, inasmuch as this case is by our Court of Errors and Appeals, it is sufficient and controlling. One of the leading cases on this subject, cited by Justice Reed in the above case, is *Bliss* v. *Lawrence*, 58 *N. Y.* 442, a decision by the Court of Appeals of the State of New York.

Counsel for defendant apparently agrees that such assignment is against public policy, but argues that by the acceptance of his salary without objection and permitting the crediting of the fees to the defendant, plaintiff is now estopped from repudiating the agreement and from claiming that these notary fees now belong to him. The case of *Love* v. *Jersey City,* 40 *N. J. L.* 456, cited by counsel for defendant is not in point.

In that case, Love was employed by the city at a fixed salary, which was reduced during the term for which he had been elected. The court held (1) the ordinance fixing the terms and salaries of municipal officers was not in the nature of a contract with such officer; (2) the legislature might authorize the reduction of the salary of the collector appointed for three years, during the continuance of such term; (3) if Love continued in office, receiving monthly payments during the term, he thereby waived all objections to such reduction. The case did not involve the question of public policy.

Counsel for defendant argues that, conceding the invalidity of the bargain, because against public policy, the plaintiff is estopped from alleging it at this time, because he has never objected to the arrangement, and, without objection, permitted the bank to collect these fees and appropriate them to its own use. This contention seems to be supported by the

cases of *DeBoest* v. *Gambell,* 58 *Pac. Rep.* 72, and *Second National Bank* v. *Ferguson,* 114 *Ky.* 516. Both of these cases recognize the doctrine that the agreement was void as against public policy, but both hold that by the acceptance of his pay without objection, he is estopped from setting it up at a later date.

In this proposition I cannot acquiesce. To permit one to retain the fees of a public officer, while the law demands that he, as such officer, perform the services, is one of the grounds which leads the courts to declare such an arrangement against public policy. It seems to me that if the agreement was against public policy, no acquiescence in such arrangement, by plaintiff, could operate to render plaintiff unable to claim the invalidity thereof.

There seems to be no doubt that, except where the agreement was void as against public policy, the plaintiff could waive any irregularities, but if the contract was void *ab initio,* how could any conduct on the part of the plaintiff operate to make it valid, and thus frustrate the policy of the law in declaring it void on the ground that it was against public policy? The public interest lies at the bottom of the whole matter and the conduct of a party could not frustrate the public interest.

The answer will therefore be struck out, with costs.